## 11953

### STATE v. HAY

#### (132 S. E., 613)

INTOXICATING LIQUORS.—Evidence *held* insufficient to sustain conviction for manufacturing and possessing contraband whisky.

Before RICE, J., Barnwell, May, 1925. Reversed.

Andrew Hay was convicted of manufacturing and possessing contraband whisky, and he appeals.

Two witnesses for the State, one the Sheriff of Barnwell County, testified that, while on defendant's premises on a raid, they discovered fresh mule tracks in a road going down through a cornfield to a branch; that they followed such tracks, which left the road and led to a still; that, when 75 or 100 feet from the still, they met defendant on a mule; that, when questioned, defendant said he had been to a nearby house, but later, on the way to the house to verify his statement, admitted that he had not been there. A pair of overalls with mash on them was found at defendant's house.

*Messrs. Harley & Blatt* for appellant, cite: *Evidence not sufficient to convict:* 126 S. E., 765; 122 S. E., 246. *Circumstantial evidence relied on for conviction must point to guilt, leaving no other reasonable hypothesis:* 125 S. E., 922; 120 S. E., 557; 95 S. C., 389.

*Mr. B. D. Carter, Solicitor,* for respondent.

April 7, 1926.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"The defendant was indicted for manufacturing and having in his possession contraband whisky, and was tried before Judge H. F. Rice and a jury at the May, 1925, term of Court of General Sessions for Barnwell County. The jury returned a verdict of guilty as to manufacturing liquor, with recommendation to the mercy of the Court. Prior to the defendant's being sentenced, a motion for a new trial was made upon the ground that there was not sufficient evidence to warant a conviction on the charges set out in the indictment. The motion was refused, and the Court sentenced the defendant to serve twelve months, eight of which were suspended."

The first exception charges error on the part of His Honor, Judge Rice, in refusing the motion for a new trial, for the reason that there was not sufficient evidence to connect the defendant with the manufacture of intoxicating liquor. This exception must be sustained. A careful examination of the evidence fails to show the guilt of the defendant by proof beyond a reasonable doubt. It simply raises a suspicion of his guilt and that suspicion not even a grave one. The case at bar is not even as strong as the recent case of *State v. Brock,* 130 S. C., 252; 126 S. E., 765, where this Court held that the evidence was insufficient to justify the submission of the case to the jury. The judgment of this Court is that the judgment of the Circuit Court is reversed.

Reversed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.
MR. CHIEF JUSTICE GARY did not participate.'